IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID A. SCHLEMM,

        Plaintiff,

v.

MATTHEW J. FRANK, *et al.*,

        Defendants.

ORDER

11-cv-272-wmc

---

        Plaintiff David A. Schlemm, who is currently incarcerated by the Wisconsin Department of Corrections at the Green Bay Correctional Institution ("GBCI"), has been granted leave to proceed with his claim that certain prison policies have interfered with his rights under the Free Exercise Clause found in the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a). On August 19, 2013, this court granted the defendants' motion to depose plaintiff. That deposition is scheduled to take place at GBCI on Friday, August 30, 2013. Now before the court is plaintiff's motion to stay the deposition until the court considers his pending motion for appointment of counsel. Both motions will be denied.

        Unlike indigent criminal defendants, civil litigants have no automatic right to court-appointed counsel. *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). The federal *in forma pauperis* statute provides that "[a] court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Absent any mandatory language, this statute merely confers discretion "to recruit a lawyer to represent an indigent civil litigant *pro bono publico*[.]" *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc). In other words, it authorizes the court to recruit a volunteer. *See id.*

        The test for determining whether to appoint counsel is two-fold: "[T]he question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th

Cir. 2007). In other words, given the complexity of the case, does this plaintiff appear to be competent to try the case on his own? *See Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010) (citing *Pruitt*, 503 F.3d at 654). Here, plaintiff simply asserts that counsel is needed because the "issues in this case are complex " and he has only "a limited knowledge of the law."

With regard to issues in this case, the complaint has been narrowed to a straightforward claim that prison policies in place at plaintiff's unit of assignment have interfered with or substantially burdened his ability to exercise his sincerely held religious beliefs. The law governing this type of claim is fairly well settled and was explained to plaintiff in the order granting him leave to proceed.

The record in this case reveals that plaintiff has competently represented himself thus far and that he is capable of continuing to litigate his claims. All of his submissions have been reasonably articulate and neatly typed. These submissions also reflect that plaintiff has an understanding of the issues present in this case and that he has had ample access to discovery materials. Based on this record, plaintiff's asserted lack of legal training does not amount to an exceptional circumstance given that most inmates have little or no formal education and limited courtroom experience.

Turning to the motion to stay the impending deposition, plaintiff expresses the concern that he may be asked questions that go beyond the scope of the present case, or that require him to reveal privileged information, or that implicate his Fifth Amendment right not to incriminate himself. These are legitimate concerns, but plaintiff can raise these objections on his own without assistance from a lawyer.

As for any question that plaintiff deems irrelevant, plaintiff may make an objection for the record, but then he still will have to answer the question. This would be true even if he had a lawyer.

Plaintiff *can* refuse to answer questions that he genuinely believes ask for privileged information (such as a confidential attorney-client conversation) or that would implicate his Fifth Amendment right not to incriminate himself. Plaintiff must have a good faith basis for making any

claim of privilege. Plaintiff should be aware that if he asserts a Fifth Amendment privilege in this civil lawsuit, then it is possible that the jury could be told this, depending on the circumstances.

Other than being aware of his right to keep genuinely privileged information confidential, all plaintiff needs to do is provide background information and tell his version of events in response to questions posed by defendant's lawyers. These are things that plaintiff is capable of doing without assistance from an attorney. Accordingly, his motion for appointment of counsel and his motion to stay the deposition will be denied.

ORDER

IT IS ORDERED that plaintiff David A. Schlemm's motion for appointment of counsel, dkt. 13, and his motion to stay the deposition set for Friday, August 30, 2013, dkt. 27, are DENIED. **To ensure that plaintiff receives a copy of this order in time for the deposition, counsel for the defendants are directed to cause hand-delivery of a copy of this order to plaintiff as soon as possible before the deposition begins.**

Entered this 29th day of August, 2013.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge