IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

DAVID A. SCHLEMM,

                                        ORDER
                  Plaintiff,

       v.                                                11-cv-272-wmc

MATTHEW J. FRANK, PHIL KINGSTON and
EDWARD WALL,

                  Defendants.
_____

       In this prisoner civil rights case, plaintiff David Schlemm claims that defendants

violated his rights under the Religious Land Use and Institutionalized Persons Act and the

free exercise clause of the First Amendment.  Pursuant to the 1996 Prison Litigation Reform

Act, the court granted Schlemm leave to proceed on his claims that DOC's religious policies

violate his constitutional and statutory rights by restricting his ability to: (1) attend sweat

lodges every week; (2) celebrate the Ghost Feast with specific spiritual foods; (3) possess a

personal pipe; (4) possess a headband; and (5) possess traditional Native American dress.

       Now before the court is defendants' motion for partial summary judgment on the

ground that Schlemm failed to exhaust his administrative remedies before bringing this

lawsuit (dkt. #16), as well as Schlemm's motion for class certification (dkt. #11) and

renewed motion for recruitment of counsel (dkt. #31).  After considering the parties' filings,

the court will (1) deny defendants' motion, (2) give defendants a short deadline to present

further evidence in support of their motion for partial summary judgment based on

plaintiff's failure to exhaust, and (3) deny plaintiff's motion for class certification and

appointment of counsel.

1

OPINION

## I. Motion for Summary Judgment

Defendants have filed a motion for partial summary judgment based on Schlemm's failure to exhaust his administrative remedies with regard to his sweat lodge, pipe and traditional dress claims.  Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The exhaustion requirement is mandatory, *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), and "applies to all inmate suits," *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  The purpose of administrative exhaustion is not to protect the rights of correctional officers, but to give prison officials a chance to resolve the complaint without judicial intervention.  *Perez v. Department of Corrections*, 182 F.3d 532, 537-38 (7th Cir. 1999) (exhaustion serves purposes of "narrow[ing] a dispute [and] avoid[ing] the need for litigation").

Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025.   However, exhaustion is an affirmative defense with the burden of proof on the defendants.  *See Jones v. Bock*, 549 U.S. 199, 216 (2007).

2

Exhaustion issues in this court usually focus on the Wisconsin Department of Corrections' Inmate Complaint Review System (ICRS).  Wis. Admin. Code. § DOC 310.07 (prisoner first files grievance with inmate complaint examiner; prisoner may appeal adverse decision to "reviewing authority," corrections complaint examiner and then to department secretary).  Here, however, defendants do not bring their motion based on Schlemm's failure exhaust his remedies with respect to the ICRS, stating only generally that "it appears that Schlemm did frequently utilize the ICRS to challenge his religious practice and property."

Rather, defendants argue that Schlemm failed to follow procedures outlined in Wis. Admin. Code § DOC 309.61 and more fully detailed in Division of Adult Institutions (DAI) Policy Nos. 309.61.01 and 309.61.02, which require a prisoner requesting approval of a new religious practice or piece of property to fill out a copy of form DOC-2075 and submit it to the chaplain or the chaplain's designee.  The chaplain or designee is to then forward a recommendation to the chaplain supervisor, who in turn forwards the form and his or her recommendation to the Religious Practices Advisory Committee (RPAC) Executive Committee," which makes  its own recommendation and returns the issue to the warden for "final decision, distribution and implementation."  Finally, the policies state that any appeals of denials of DOC-2075 requests may be submitted through the ICRS process.

To demonstrate Schlemm's failure to "properly take each step within [this] administrative process," defendants include what they state is a full history of his DOC-2075 requests.  These requests are limited to requests for a headband, to observe a Ghost Feast and for "feather cases" (an item not at issue in this case).  Because Schlemm did not submit

DOC-2075 forms regarding his sweat lodge, pipe and traditional dress requests, defendants argue that he has plainly failed to exhaust his administrative remedies as to these items.

Schlemm does not dispute defendants' factual recitation concerning the ICRS complaints and DOC-2075 forms he has or has not filed. Instead, Schlemm argues that he has properly exhausted his administrative remedies through the ICRS system (although the grievances he attaches to his complaint appear to have been rejected by the institution complaint examiner, rather than having been proceeded through the entire ICRS system), and that DAI Policy Nos. 309.61.01 and 309.61.02 are unpromulgated "rules" that should not be considered administrative steps required to be taken to establish exhaustion.

After looking at the materials submitted by the parties, the court concludes that whether DAI Policy Nos. 309.61.01 and 309.61.02 should be treated as required levels of the administrative review process is unlikely to be a dispositive one.  The real question is what occurred in the ICRS grievance system with regard to any complaints Schlemm filed with respect to the sweat lodge, pipe and traditional dress issues.  "Where prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of alerting the state and inviting corrective action, and defendants cannot rely on the failure to exhaust defense." *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011); *see also Conyers v. Abitz*, 416 F.3d 580, 584-85 (7th Cir. 2005).  Thus, if Schlemm filed ICRS grievances about this issue and they were addressed on the merits, it does not matter whether he ever filed a DOC-2075 about those issues.  On the other hand, if Schlemm's grievances about those issues were rejected as failing to comply with DOC

4

procedures, and Schlemm failed to cure the defects, he has not properly exhausted his administrative remedies. *Pozo* 286 F.3d at 1025.

As noted above, defendants state that "it appears that Schlemm did frequently utilize the ICRS to challenge his religious practice and property." Whether this vague statement means that Schlemm has filed ICRS grievances about the sweat lodge, pipe and traditional dress requests that prison officials have addressed on the merits remains unclear on this record. While the ICRS grievances presented by Schlemm were not resolved on their merits, defendants' statement at least leaves open the possibility that other ICRS grievances may have been. Because it is defendants' burden to show Schlemm's failure to exhaust, they have failed to provide the court with sufficient detail of what was before the ICRS to make that determination. Accordingly, the court must deny their motion at this time.

In light of the real possibility that plaintiff has not exhausted his administrative rights, and the efficiencies of addressing that question sooner rather than later, the court's denial will be without prejudice to defendants filing a motion to reconsider within a short time, provided defendants supply more specific proof of plaintiff's lack of exhaustion before the ICRS. Defendants' failure to meet its remaining burden within that time will result in denial of their motion with prejudice.

## II. Motion for Class Certification

Before the court may certify a class action, four prerequisites must be met:

(1) The class [must be] so numerous that joinder of all members is impracticable; (2) there [must be] questions of law or fact common to the

5

class; (3) the claims or defenses of the representative parties [must be] typical of the claims or defenses of that class; and (4) the representative parties [must] fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a).

At the outset, the court notes that Schlemm cannot meet the fourth prong of this test, as he is not qualified to act as a representative party.  Because absent class members are bound by a judgment whether for or against the class, they are entitled at least to the assurance of competent representation afforded by licensed counsel.  *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that it was plain error to permit an inmate proceeding *pro se* to represent fellow inmates in a class action); *see also Caputo v. Fauver*, 800 F. Supp. 168, 169-70 (D.N.J. 1992) ("Every court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action").  As a non-lawyer, Schlemm may not represent anyone other than himself. *See* 28 U.S.C. § 1658; *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (per curiam) ("[I]t is clear that an individual may appear in the federal courts only *pro se* or through counsel.") (citations omitted).

Schlemm has attempted to rectify this problem by asking for this court's assistance in recruiting counsel to represent him and/or the entire class.  This motion has previously been denied.  (Dkt. #28.)  Aside from the issue of representation, however, Schlemm's current motion for class certification falls well short of meeting the test outlined above, as he provides virtually no detail about the proposed class.  Schlemm is not particularly clear about the identity of the class (he never states whether he believes that *all* inmates seeking new religious practices are his class, whether it is limited to Native American inmates or to

6

those seeking the same or similar worship practices), and he provides no evidence suggesting how many inmates make up the class for purposes of the numerosity requirement. Accordingly, Schlemm's motion for class certification will be denied without prejudice.

ORDER

IT IS ORDERED that:

1.  Defendants' motion for partial summary judgement (dkt. #16) is DENIED at this time.

2.  Defendants may have until October 15, 2013 to submit further materials in support of their motion for reconsideration of summary judgment based on plaintiff David Schlemm's failure to exhaust administrative remedies, as detailed in the opinion above.   Should defendants fail to submit the appropriate materials, their motion for summary judgment will be denied with prejudice.

3.  Plaintiff may have until October 30, 2013, to respond to any motion to reconsider.

4.  Plaintiff's motions for class certification (dkt. #11) and renewed motion for assistance in recruiting counsel (dkt. #31) are DENIED without prejudice.

Entered this 30th day of September, 2013.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge