IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID SCHLEMM,

                  Plaintiff,                  OPINION AND ORDER

v.

                                              11-cv-272-wmc

EDWARD WALL,

                  Defendant.

---

On appeal from this court's order granting defendants' motion for summary judgment, the Seventh Circuit reversed in part the court's order, and remanded the case for further proceedings on two claims: (1) a claim seeking accommodation of game meat (venison) to be used during Navajo Tribe Ghost Feast; and (2) a claim seeking accommodation to "wear a multi-colored headband or bandana while paying or meditating in his cell and during group religious ceremonies such as the sweat lodge." *Schlemm v. Frank*, No. 14-2604, slip op. at *2, *7 (7th Cir. Apr. 21, 2015) (dkt. #94-1). Specifically, the Court of Appeals remanded both claims for reconsideration under the "substantial burden" prong of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a), as recently interpreted by the United States Supreme Court in *Holt v. Hobbs*, 135 S. Ct. 853 (2015), and *Burwell v. Hobby Lobby Stores, Inc.*, 134 S. Ct. 2751 (2014) -- "a standard much easier [for a plaintiff] to satisfy" than that previously articulated by the Seventh Circuit and applied by this court. *Schlemm*, slip. op. at *4.[1]

---

[1] The court's judgment was affirmed in certain respects, including the court's dismissal of two defendants for lack of personal involvement as required under 42 U.S.C. § 1983. The court, therefore, has amended the caption to reflect that defendant Edward Wall, the Secretary of the Wisconsin Department of Corrections, is the only remaining defendant. The clerk of court is directed to make this same change to the docket.

In its opinion, the Seventh Circuit also advised that "the district court should seriously consider recruiting counsel to assist Schlemm." *Id.* at *8. Consistent with that direction, Schlemm has also filed a motion for assistance in recruiting counsel. (Dkt. #95.) The court will grant Schlemm's motion, and has recruited Attorneys David Harth and David Anstaett of the law firm of Perkins Coie in Madison, Wisconsin, to represent him *pro bono* for the remainder of this civil action. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (*en banc*) (noting that § 1915(e)(1) confers, at most, discretion "to recruit a lawyer to represent an indigent civil litigant *pro bono publico*"). Accordingly, the court will enter their appearance as plaintiff's *pro bono* counsel for the record.

Plaintiff should appreciate that his counsel accepted this representation out of a sense of professional responsibility, which includes representing zealously those clients they take on. Now that he is represented by counsel, plaintiff is advised that in return for representation plaintiff, too, has taken on a responsibility. For example, all future communications with the court must be through his attorney of record. Plaintiff must also work directly and cooperatively with his attorney, as well as those working at his direction, and must permit them to exercise their professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. On the contrary, plaintiff should expect his counsel to tell him what he *needs* to hear, rather than what he might prefer to hear, and understand that the rules of professional conduct may preclude counsel from taking certain actions or permitting plaintiff from doing so. If plaintiff decides at some point that he does not wish to work with his lawyers, he is free to alert the

2

court and end their representation, but he should be aware that it is highly unlikely that the court will recruit a second set of attorneys to represent him.

In its order, the Seventh Circuit further directed the court to "issue a preliminary injunction entitling Schlemm to wear a headband in his cell and during religious ceremonies (provided that the headband does not contain any red), and have a supply of venison for the Ghost Feast. *Schlemm*, slip. op at *8-9. Schlemm subsequently filed a motion and brief in support of a temporary order and preliminary injunction. (Dkt. #96.) At the direction of the Seventh Circuit, the court will grant that motion and enter a preliminary injunction as previously defined by that court and set forth below in the order.

Finally, Schlemm has filed a motion for reimbursement of his costs for the appeal. (Dkt. #98.) Since the Final Judgment from the Seventh Circuit Court of Appeals ordered that there be no award of costs (dkt. #94), that motion will be denied. *See* Fed. R. App. P. 39 (describing the rules for assessing costs, but specifically providing that the rules apply "unless . . . the court orders otherwise).

With all pending motions addressed, the next step is for the parties to reconsider their positions, to take what additional discovery may be justified and to rebrief plaintiff's RLUIPA claims under the appropriate standard as articulated by the Supreme Court, as well as to set this matter for trial, if necessary. Plaintiff's counsel will no doubt need to consult with their client, and then with counsel for defendant in order to determine if a reasonable accommodation can be reached, or what discovery may still be required. So that counsel will have sufficient time to complete these tasks in advance of a preliminary pretrial conference, the clerk's office will be directed to set that conference sometime in late June.

ORDER

IT IS ORDERED that:

1. Plaintiff David Schlemm's motion for recruitment of *pro bono* counsel (dkt. #95) is GRANTED.

2. The clerk's office shall enter Attorneys David Harth and David Anstaett of Perkins Coie as plaintiff's counsel of record and set this case for a pretrial conference in late June of 2015, as this court's schedule allows.

3. Plaintiff's motion for preliminary injunction (dkt #96) is GRANTED. Pending final resolution of the merits of plaintiff's claims, defendant shall take all reasonable steps: (a) to ensure that plaintiff David Schlemm is provided venison for the Ghost Feast; and (b) to wear a headband in his cell and during religious ceremonies, provided it does not contain the color red.

4. Plaintiff's motion for reimbursement of costs (dkt. #98) is DENIED.

Entered this 18th day of May, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge