IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID SCHLEMM,

                        Plaintiff,                        OPINION AND ORDER

    v.

                                                            11-cv-272-wmc

EDWARD WALL,

                        Defendant.

---

      This case is on remand from the Court of Appeals for the Seventh Circuit for further proceedings on plaintiff David Schlemm's claimed rights under RLUIPA: (1) to game meat (venison) for use during the Navajo Tribe Ghost Feast; and (2) to wear a multi-colored headband or bandana while praying or meditating in his cell and during group religious ceremonies. *See Schlemm v. Wall*, 784 F.3d 362 (7th Cir. Apr. 21, 2015) (dkt. #94-1). After remand, the court recruited counsel for plaintiff, who after consulting with their client advised that he also intended to pursue a First Amendment claim for monetary damages on remand, in addition to his claims for injunctive relief under RLUIPA remanded by the Seventh Circuit. The court directed the parties to file briefs addressing whether plaintiff should be permitted to pursue a First Amendment damages claim in light of the procedural history of the case, the Seventh Circuit's decision and the doctrine of qualified immunity.

      After reviewing the parties' briefs, the court will not allow plaintiff to proceed with a First Amendment damages claim in this case. First, plaintiff did not plead a First Amendment damages claim against defendant Wall. Second, the court denies a request to amend his complaint to add such a claim at this stage in the proceedings, particularly where such a claim would be subject to immediate dismissal on the grounds of qualified immunity.

Accordingly, this case will proceed only on plaintiff's claims for injunctive relief under RLUIPA.

## PROCEDURAL BACKGROUND

Plaintiff filed this suit on April 18, 2011, claiming that prison policies prohibited his access to game meat and the wearing of a multi-colored headband in violation of his rights under the First Amendment's Free Exercise Clause and RLUIPA. He named three defendants in their individual and official capacities: (1) Matthew Frank, the former Secretary of DOC; (2) Phil Kingston, the former warden at Waupun Correctional Institution ("WCI"); and (3) James Muenchow, an inmate complaint examiner. (Dkt. #1).

On November 20, 2012, this court entered a screening order permitting plaintiff to proceed on a First Amendment claim for money damages against Matthew Frank and Phil Kingston. (Dkt. #3). The court dismissed as moot plaintiff's claims against Frank and Kingston for injunctive and declaratory relief under RLUIPA and the First Amendment, as Frank no longer served as the Secretary of DOC and plaintiff was no longer at WCI where Kingston was the Warden. Because Edward Wall had replaced Frank as the DOC Secretary, however, the court substituted Wall, in his official capacity, as the proper defendant for claims seeking injunctive relief.

On June 10, 2014, the court granted summary judgment to defendants, dismissing: (1) certain claims for failure to exhaust administrative remedies; (2) plaintiff's First Amendment claims for damages against Frank and Kingston because they lacked necessary personal involvement to sustain a finding of liability against them; and (3) all remaining claims for failing to state a claim under RLUIPA and the First Amendment. (Dkt. #79). With respect to the damages claims in particular, those claims were dismissed because

plaintiff had not shown that Frank or Kingston were "personally involved" in decisions to deny Schlemm religious accommodation.

Rather, the evidence showed that requests for new religious practices at WCI are directed to a unit chaplain or the chaplain's designee. (Dkt. #79 at 18). The chaplain makes a recommendation to his supervisor and the Religious Practice Advisory Committee, which reviews and processes the request before making a final recommendation. (*Id.*) The record established that neither Frank nor Kingston had any involvement with the Committee or with the requests for accommodation filed by plaintiff.

On appeal, the Seventh Circuit affirmed dismissal of the unexhausted claims and the claims against Frank and Kingston. *Schlemm*, 784 F.3d at 366-67 ("The judgment is affirmed to the extent it rejects some claims as unexhausted and entitles two of the defendants to dismissal because they were not involved in the contested decisions."). The Seventh Circuit reversed dismissal of plaintiff's RLUIPA claims for injunctive relief, but "bypass[ed]" the First Amendment claims "because the Act [RLUIPA] provides greater protection." *Id.* at 363.

OPINION

I.     Plaintiff Has No First Amendment Damages Claim Remaining in this Case.

The *only* First Amendment damages claims alleged in this case were those against Frank and Kingston. When the Seventh Circuit affirmed dismissal of the claims against Frank and Kingston for lack of personal involvement, therefore, it also affirmed dismissal of the only First Amendment damages claims pled in this case. Accordingly, plaintiff cannot now pursue a First Amendment damages claim unless the court grants him leave to amend his complaint to add a new damages claim to the case.

Plaintiff nevertheless argues that the court should permit him to pursue a damages claim on remand against defendant Wall, the current DOC Secretary. The court disagrees. Not only did plaintiff fail to plead a claim for damages against Wall, he never sought leave to amend his complaint to add such a claim before appealing to the Seventh Circuit. As a result, this case was remanded with specific instructions to address plaintiff's RLUIPA claims for injunctive relief, not to add new damages claims at this late stage in the proceedings.

Moreover, plaintiff has not alleged facts showing that he could plead a viable damages claim against Wall under the First Amendment. Indeed, his original damages claims against Frank and Kingston were dismissed because the evidence established that neither the DOC Secretary nor the warden, respectively, were personally involved in denying plaintiff's requests for religious accommodation. Having failed to point to any facts suggesting that the outcome of the claim would be different as to Wall, the court is strongly disinclined to complicate this already lengthy litigation further by granting plaintiff leave to pursue a similar claim against Wall. Specifically, while plaintiff argues that he should be permitted to seek damages from Wall *in his individual capacity*, because Wall "*may* well have been aware of the denial of [plaintiff's] requests for religious items," (Pl.'s Br., dkt. #113, at 19) (emphasis added), plaintiff does not explain why he believes Wall may have been personally involved where Frank was not, beyond stating that "DOC staff *may* have informed Wall about the denial of [plaintiff's] requests for religious items or Wall *may* have reviewed for himself the denials" of plaintiff's requests. (*Id.*) These vague and speculative statements are not sufficient to persuade the court to grant plaintiff leave to add a damages claim against Wall.

II. **Qualified Immunity.**

4

Even if the court were so inclined, another reason to deny the addition of a damages claim against Wall is that such a claim would necessarily fail. *CogniTest Corp. v. Riverside Pub. Co.*, 107 F.3d 493, 499 (7th Cir. 1997) (leave to amend may be denied "where amendment would be futile"). Indeed, as the Seventh Circuit acknowledged, the law was not clearly established that plaintiff even had a right to eat venison at the Ghost Feast or to wear a colored headband. *Schlemm*, 784 F.3d at 364. As a result, Wall would almost certainly be entitled to qualified immunity. *Carroll v. Carman*, — U.S. —, 135 S. Ct. 348, 350 (2014) ("A government official sued under § 1983 is entitled to qualified immunity unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct.").

As the Seventh Circuit already explained, under the legal standard that existed at the time plaintiff filed suit, he "would lose" his claim based on the denial of venison at the Ghost Feast because he could not show that denial of the venison rendered religious exercise "effectively impracticable," since this was the standard for showing a "substantial burden" on the exercise of his religion. *Schlemm*, 784 F.3d at 364 (under previous standard, "Schlemm would lose, for he still could dance and pray during the Ghost Feast"). The Seventh Circuit reversed this court's grant of summary judgment on that claim only because the "substantial burden" standard was recently interpreted by the Supreme Court in *Holt v. Hobbs*, 135 S. Ct. 853 (2015), and *Burwell v. Hobby Lobby Stores, Inc.*, 134 S. Ct. 2751 (2014), to be "a standard much easier [for a plaintiff] to satisfy" than previously articulated by the Seventh Circuit. *Id.*

Although *Holt* and *Burwell* involved RLUIPA claims, RLUIPA provides more protection for religion that the First Amendment. *Id.* at 363. Accordingly, if plaintiff would have "lost" his RLUIPA claim for venison meat under the previous standard, he also would

5

have lost any First Amendment claim for damages arising from the denial of venison. Accordingly, the Seventh Circuit's decision forecloses any argument by plaintiff that the state violated a clearly established right by denying him venison meat at the Ghost Feast. Indeed, understanding it is an uphill battle, there is still an apparent factual dispute as to whether the state can show a compelling reason to restrict an inmate's access to venison for the Ghost Feast. And even after the Seventh Circuit's decision, it is open to substantial debate whether plaintiff's *First Amendment* claim, as opposed to RLUIPA, would survive summary judgment.

With respect to the colored headband, the Seventh Circuit concluded the state failed to prove that prohibiting colored headbands furthered a compelling interest. In particular, the Seventh Circuit seemed skeptical of the argument that Wisconsin prisons need to limit religious headgear in order to combat gangs: "[b]ecause gang information may be widely available already, it is difficult to depict as 'compelling' a desire to cut out one potential means of identification." *Schlemm*, 784 F.3d at 366. Additionally, the court questioned whether prohibiting plaintiff from wearing a colored headband in his cell or during religious ceremonies actually reduced gang identification. *Id.*

Despite these questions, however, the Seventh Circuit did *not* hold that the state lacked a compelling interest in imposing religious headgear restrictions under any circumstances. On the contrary, the court acknowledged that it had sustained prison restrictions on headgear for the purposes of curtailing gang identification in a previous case, *Young v. Lane*, 922 F.3d 370, 376 (7th Cir. 1991). In *Young*, the court had recognized that that "modern-day courts recognize that gangs pose a 'serious challenge' to . . . institutional security." *Id.* Accordingly, the Seventh Circuit remanded these questions for further exploration.

6

In contrast, the relevant question for qualified immunity is whether plaintiff had a "clearly established right" to wear a colored headband "at the time" his request for accommodation was denied. *Carroll*, 135 S. Ct. at 350. "A right is clearly established only if its contours are sufficiently clear that 'a reasonable official would understand that what he is doing violates that right.'" *Id.* (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). In other words, "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al–Kidd*, 563 U.S. 731, at —, 131 S.Ct. 2074, 2083 (2011). This doctrine "gives government officials breathing room to make reasonable but mistaken judgments," and "protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Id.* at —, 131 S. Ct., at 2085 (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

While plaintiff cites several cases that he claims clearly establish the right of inmates to "wear religious headgear in their cell and at religious ceremonies" (Pl.'s Br., dkt. #113, at 23-26), plaintiff is seeking to wear a *colored* headband, and he cites *no* controlling cases in which a court held that inmates have a right to do so regardless of security concerns. Moreover, even if some of the cases cited by plaintiff could be interpreted as finding such a right, the right cannot be said to be so "clearly established" that its "contours are sufficiently clear" and "beyond debate." This is particularly true in light of numerous cases in which courts *have* upheld restrictions on religious property to prevent gang identification. *See, e.g.*, *Levy v. Holinka*, No. 09-cv-279-vis, 2010 WL 1373828, at *4 (W.D. Wis. Mar. 31, 2010) (rejecting RLUIPA challenge to restriction on wearing turbans, in part because turban could be used to represent gang affiliation); *Charles v. Frank*, No. 02-C-626-C, 2004 WL 420153, at *4 (W.D. Wis. Feb. 26, 2004) (rejecting RLUIPA challenge to ban on wearing prayer beads that are visible outside clothes because of beads' potential use as gang symbol), *aff'd, Charles*

7

*v. Frank*, 101 Fed. Appx. 634, 636–37 (7th Cir. 2004) ("[S]uppressing gang activity to promote a secure and safe prison environment is indisputably a compelling interest."); *Shaw v. Norman*, 6:07-cv-443, 2009 WL 1780123 (E.D. Tex. June 22, 2009) (upholding a prison policy banning all colored prayer beads due to problems with gang affiliations); *Luckette v. Lewis*, 883 F. Supp. 471, 482 (D. Ariz. 1995) (prison officials must allow prisoners to wear religious headgear, but officials may limit colors worn for security reasons).

In light of the Seventh Circuit's prior reasoning in *Young*, as well as numerous other cases in which restrictions on colored and other religious property have been upheld to prevent gang identification, plaintiff cannot show that he had an indisputable constitutional right to wear a colored headband. Accordingly, plaintiff may not proceed with a First Amendment damages claim on this basis either.

ORDER

IT IS ORDERED that plaintiff David Schlemm is DENIED leave to amend his complaint to add a claim for damages under the First Amendment against defendant Edward Wall. As contemplated by the Seventh Circuit's remand order, therefore, this case will proceed on plaintiff's RLUIPA claims for declaratory and injunctive relief.

Entered this 18th day of November, 2015.

                                BY THE COURT:

                                /s/
                                _____
                                WILLIAM M. CONLEY
                                District Judge