IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

DAVID SCHLEMM,

    Plaintiff,                                          OPINION and ORDER

    v.                                                       11-cv-272-wmc

EDWARD WALL,

    Defendant.
_____

This case is on remand from the Court of Appeals for the Seventh Circuit for further proceedings on plaintiff David Schlemm's claimed rights under RLUIPA: (1) to venison for use during the Navajo Tribe Ghost Feast; and (2) to wear a multi-colored headband or bandana while praying or meditating in his cell and during group religious ceremonies. *See Schlemm v. Wall*, 784 F.3d 362 (7th Cir. Apr. 21, 2015) (dkt. #94-1). Following remand, the court recruited attorneys from the law firm of Perkins Coie LLP to represent Schlemm, who filed a motion for summary judgment, well-written and thoroughly researched opening brief and other supporting materials on plaintiff's behalf (dkt. #125). Schlemm apparently became unwilling or unable to work with his counsel further, going so far as to accuse them of committing legal malpractice. Unfortunately, Schlemm maintained this position despite being advised by the court that such an accusation was without *any* foundation on the record before the court, that his counsel's ethical and legal obligation is sometimes to tell him what he needs to hear, rather than what he may wish to hear, and that he would likely have to proceed without the benefit of legal counsel if his recruited counsel were allowed to withdraw. Accordingly, on

1

December 2, 2015, therefore, the court granted Perkins' motion to withdraw as plaintiff's counsel. (Dkt. #130.) Shortly thereafter, defendants filed their response to plaintiff's motion for summary judgment (dkt. #138).

Instead of filing a reply brief, which would have been due on or before January 7, 2016, Schlemm elected to file two motions, seeking: (1) a stay of the scheduling order and an order allowing him to use release account funds to purchase legal supplies (dkt. #131); and (2) to proceed on claims under the Fifth and Fourteenth Amendments (dkt. #134). Both motions will now be denied.

I.  **Motion to Stay Scheduling Order and Access Release Account Funds.**

The only deadlines in the current scheduling order are the deadlines for briefing summary judgment, the March 16, 2016 pretrial conference and the March 21-23, 2016 trial date. (Dkt. #115.) Plaintiff asks that the scheduling order be stayed because: (1) his attorneys have withdrawn and he is now proceeding *pro se*; and (2) he cannot get an extension of his legal loan. (Dkt. #131.)

Plaintiff's return to *pro se* status is not sufficient reason to extend the deadlines in the scheduling order or to strike the trial date. Plaintiff *chose* to proceed *pro se* by failing to work with the highly competent counsel recruited by the court. If anything, he is fortunate that his former counsel has already outlined the legal and factual issues remaining in this case and ripened them for decision on summary judgment. Should he choose to do so (and it is certainly not mandatory), plaintiff's only remaining task now is to prepare and file a reply brief that addresses the arguments defendants made in their opposition materials, and of course to prepare for trial, if necessary. Any trial in this case

2

will be before the court, not a jury, which will make plaintiff's job at trial significantly easier.

The court is confident that plaintiff can manage these tasks, as he capably represented himself throughout most of this case, including achieving a reversal and remand of his RLUIPA claims in light of changing law.  Indeed, plaintiff has not articulated any reason why he cannot continue to do so or why he requires a stay of the scheduling order.  Although plaintiff reports that he received help from other inmates along the way, he does not say that help is no longer available.  (On the contrary, his materials suggest that he is continuing to receive help.)  Nor does plaintiff offer any other reason to delay the proceedings further.

Plaintiff's lack of legal loan funds is also an insufficient reason to strike deadlines or extend the trial in this case.  Despite his allegations that he lacks supplies necessary to litigate, plaintiff has managed to file multiple pages of documents in support of his most recent motions.  (Dkt. ##131, 134, 135, 137, 146-148).  In other words, he has not shown that his current resources are insufficient to meet his needs in this case.  Additionally, as defendants point out, DAI Policy #309.51.01 allows plaintiff to apply for a $50 extension of his legal loan in 2016, even if he still has an outstanding balance on previous legal loans.  Although plaintiff argues that his loan request will be rejected because this is a "civil case," DAI Policy #309.51.01 does not appear to limit loan extensions to non-civil cases.  In any event, the court will not strike any deadlines before plaintiff has even tried to obtain a 2016 legal loan.

For similar reasons, the court will deny plaintiff's request to access his release account for litigation expenses. As its name suggests, this account is intended to be used by an inmate when the inmate is released from prison. Wis. Admin. Code § DOC 309.02(18). "[W]ith the exception of initial partial payments, [federal district courts do] not have the authority to tell state officials whether and to what extent a prisoner should be able to withdraw money from his release account." *Mosby v. Wommack*, No. 08-cv-677-slc, 2009 WL 2488011 (W.D. Wis. Aug. 12, 2009); *see also, Sherin v. Pugh*, No. 11-cv-772-wmc, 2013 WL 4776462, at *2 (W.D. Wis. Sept. 5, 2013) (denying inmate's request to use release account to cover litigation costs in a civil rights case).

As indicated earlier, any reply brief on plaintiff's motion for summary judgment was due January 7, 2016. Normally, a failure to file timely would be deemed a waiver of that right, but perhaps plaintiff assumed he could wait to do so until the court ruled on his pending motions. Although plaintiff should have complied with the scheduling order, the court will nevertheless grant him an extension until January 26, 2016 to file his reply, if any, given his recent return to *pro se* status. At that point, however, the court will consider plaintiff's motion for summary judgment ripe for decision.

II. **Motion to Proceed on Claims under the Fifth and Fourteenth Amendments.**

Plaintiff also filed a "motion to alter or amend judgment pursuant to Rule 59," which argues that in addition to his RLUIPA claims, he should be allowed to proceed on claims under the Fifth and Fourteenth Amendments. Specifically, plaintiff would now like to contend that prison officials violated his rights to due process and equal protection by enacting policies regarding religious property and practices contrary to state

4

law. He would also like to contend that his previous attorneys, Perkins Coie, committed legal malpractice and acted against his will by not including these claims in an earlier motion to reinstate First Amendment money damages claims. (Dkt. #113.)

This motion, too, will be denied. Although plaintiff's original complaint included due process and equal protection claims, those claims were dismissed at the screening stage. (Dkt. #3 at 6-7). As this court already explained in the order denying plaintiff's request to proceed on a First Amendment claim, it will not reopen claims for money damages that were previously dismissed unless resurrected by the Seventh Circuit's order. (Dkt. #124.) The Seventh Circuit did *not* reverse dismissal of plaintiff's Fifth or Fourteenth Amendment claims; rather, it remanded the case only with directions for the court to address plaintiff's RLUIPA claims. Accordingly, this case will proceed on plaintiff's RLUIPA claims only.

ORDER

IT IS ORDERED that:

(1) Plaintiff's motion to stay scheduling order and to be allowed to use release account funds (dkt. #131) is DENIED.

(2) Plaintiff's motion for reconsideration and to alter or amend judgment (dkt. #134), is DENIED.

(3) Plaintiff may have until January 26, 2016 to file his summary judgment reply brief.

(4) Absent good cause shown, all other scheduling dates in this matter remain unchanged.

Entered this 13th day of January, 2016.

                                    BY THE COURT:

                                    /s/
                                    _____
                                    William M. Conley
                                    District Judge