IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

DAVID SCHLEMM,

    Plaintiff,                                               OPINION and ORDER

    v.                                                       11-cv-272-wmc

EDWARD WALL,

    Defendant.
_____

On January 13, 2015, the court denied *pro se* plaintiff David Schlemm's motion to stay the scheduling order, but gave plaintiff an extension of more than two weeks to file his reply brief in support of summary judgment. (Dkt. #149.) Instead, plaintiff has filed three new motions: (1) motion for reconsideration of the January 13, 2016 order (dkt. #155); (2) a motion for assistance in recruiting counsel (dkt. #156); and (3) a motion for an additional extension until February 10, 2016, in which to file his reply brief (dkt. #154).

I.     Motions for Reconsideration and for Assistance in Recruiting Counsel.

In his motions for reconsideration and for assistance in recruiting counsel, plaintiff contends that the court's January 13 order mischaracterized his relationship with his former appointed counsel by stating that counsel withdrew after plaintiff became "unwilling or unable to work with his counsel." (Dkt. #149 at 2). He argues that this is an unfair characterization of events because he merely asked his counsel to present reasonable arguments to the court, but they refused to do so and eventually withdrew. Plaintiff argues that the court should appoint new counsel for him because it was not his fault that his previous counsel withdrew.

1

Both motions will be denied. Plaintiff accuses his counsel of failing to raise certain matters with the court, but the only matters he identifies are either clearly meritless or would have expanded the case beyond the scope of the Seventh Circuit's remand. For example, plaintiff complains that his counsel failed to accuse defendants of contempt for various alleged deficiencies with the scheduling and activities surrounding the 2015 Ghost Feast, while the *only* issue relating to the Ghost Feast at issue in this case is whether plaintiff is entitled to eat venison at the Ghost Feast. Consistent with their ethical duty, as well as scope of their engagement, counsel properly refused to accuse defendants of contempt for matters outside the scope of this case.

Similarly, plaintiff contends that counsel should have agreed to seek certification of a class action, despite this case being remanded to consider two claims brought by plaintiff as an individual. In particular, the Seventh Circuit did *not* reverse this court's earlier decisions on class certification and the mandate did not suggest that the class certification issue should be revisited. Thus, those decisions are "law of the case," and counsel acted appropriately in declining to expand plaintiff's claims beyond the scope of the mandate.

Plaintiff also suggests that his counsel were disregarding his right to a jury trial by telling him that the case may be tried to the court, rather than a jury. As the court has explained on numerous occasions now, however, the *only* claim remaining in this case is plaintiff's RLUIPA claim. Under RLUIPA, plaintiff is limited to declaratory and injunctive relief. *See Nelson v. Miller*, 570 F.3d 868, 886-89 (7th Cir. 2009) (monetary damages are not available as a remedy under RLUIPA). As such, he has no right to a jury trial. *See Kramer v. Banc of Am. Securities, LLC*, 355 F.3d 961, 966 (7th Cir. 2004) ("There is no right to a jury where the only remedies sought (or available) are equitable."). Once again, plaintiff's counsel

2

was correct in explaining to him that the court will hold a bench trial on plaintiff's RLUIPA claim. See Fed. R. Civ. P. 39(a)(2) ("The trial on all issues so demanded must be by jury unless . . . the court, on motion or on its own, finds that on some of all of those issues there is no federal right to a jury trial.")

Plaintiff further argues that he was unhappy with counsel's settlement negotiations and also with the report of the expert they hired. These complaints are frivolous and do not suggest that counsel was inadequate. Rather, they are simply further evidence that plaintiff and counsel had irreconcilable disagreements about case strategy and management that required counsel to withdraw. Worse, they indicate that any effort to recruit new counsel would end similarly, something that was already obvious given the impeccable credentials of the originally recruited counsel and plaintiff's obdurate misunderstanding of his remaining claim.

Plaintiff was warned multiple times that in accepting the court's assistance in recruiting counsel, he was obligated to work cooperatively with his recruited attorneys and permit them to exercise their professional judgment in deciding which matters are appropriate to bring to the court's attention and in what form. (Dkt. #100 at 2.) More specifically, plaintiff was warned that he did not have the right to require counsel to raise frivolous arguments or to follow his every directive. (*Id.*) Finally, he was warned that if he failed to work with counsel, the court would not likely recruit replacement counsel for him.

Nonetheless, plaintiff continues to raise objections to his former-counsel's professional judgment in a transparent, meritless and ultimately pointless attempt to blame his former counsel. Plaintiff's filings demonstrate that he remains unwilling or unable to accept the professional judgment and strategic decisions of well-qualified attorneys. The court has no

reason to believe that plaintiff would cooperate any better with replacement counsel. Nor has plaintiff shown any reason why he is entitled to replacement counsel. Accordingly, plaintiff's motions for reconsideration and for assistance in recruiting counsel are denied.

II.     Motion for Extension of Time to File Reply Brief.

In the January 13 order, the court gave plaintiff until January 26, 2016, to file his reply brief (originally due January 7). Plaintiff had argued that he needed a legal loan to finish his reply brief, but the court pointed out that plaintiff had been able to file several multi-page filings despite his supposed lack of funds. Additionally, plaintiff could apply for a new legal loan for 2016.

Plaintiff now seeks a further extension to reply until February 10, 2016 because although he applied for a new legal loan, he has yet to receive a response. Plaintiff further states that he needs the funds to make photocopies for his reply brief and to order other, unspecified supplies. He also refers again to his limited access to the law library.

The court is skeptical of plaintiff's arguments that he needs legal loan funds or library time in order to submit his reply brief, considering that plaintiff was able to file 28 pages of documents, including legal analysis, with his most recent motions. If plaintiff were to spend his time and resources litigating the claims that are actually at issue in this case, he likely would have been able to complete and submit his brief by now. Nonetheless, the court will grant plaintiff this last extension, until February 10, 2016, to file his reply brief. Plaintiff will receive no further extension.

Additionally, plaintiff should be aware that the court will not likely move the trial date, scheduled for March 19, 2016. Thus, as soon as plaintiff submits his reply brief, he

should begin organizing all of the evidence that he will need to present his claims at trial. Specifically, plaintiff should review the "Order in Court Trial Cases" that was included with the Preliminary Pretrial Conference Order. (Dkt. #10.)

ORDER

IT IS ORDERED that:

(1) Plaintiff's motion for reconsideration (dkt. #155) and motion for assistance in recruiting counsel (dkt. #156) are DENIED.

(2) Plaintiff's motion for extension of time until February 10, 2016, to file his reply brief (dkt. #154) is GRANTED, although no further extensions will be allowed.

Entered this 3rd day of February, 2016.

BY THE COURT:

/s/

_____
William M. Conley
District Judge