IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

DAVID SCHLEMM,

    Plaintiff,                                            ORDER

    v.                                                      11-cv-272-wmc

EDWARD WALL,

    Defendant.
_____

This RLUIPA case is scheduled for a trial before the court on March 21, 2016. On February 29, the court issued an order on plaintiff's motion for partial summary judgment, identifying several disputed issues of fact and law that need to be addressed at trial. Three additional motions are pending before the court: (1) plaintiff's motion for leave to amend his complaint (dkt, #170); (2) defendant's motion in limine (dkt. #152); and (3) defendant's motion to compel and to have admissions deemed admitted (dkt. #158).

I.     **PLAINTIFF'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT (Dkt. #170)**

Defendant Edward Wall, who was named in his official capacity only, recently resigned his position as Secretary of the Wisconsin DOC. He was replaced by Jon E. Litscher. Plaintiff has filed a motion to amend his complaint to substitute Litscher as defendant in his official capacity, as well as to include First Amendment claims for money damages against Litscher in his individual capacity relating to actions he allegedly took in 2002 when he was acting DOC's Secretary. Plaintiff's motion to substitute Litscher in his official capacity is well taken and will be granted. As for his motion to add claims against

Litscher in his individual capacity, however, this court has already explained several times that it will not allow plaintiff to add claims for money damages at this late stage in the case, especially when they were either previously dismissed or were never a part of the claims on which plaintiff was granted leave to proceed. (Dkt. ##124 at 3; 149 at 5). For these same reasons, the court will not allow plaintiff to add new claims against a new defendant less than three weeks before trial.

## II. DEFENDANT'S MOTION IN LIMINE (Dkt. #152)

Defendant filed a motion to preclude plaintiff from presenting evidence and argument at trial regarding: (1) claims that were previously dismissed and not resurrected by the Seventh Circuit; and (2) claims that have never been part of this case, including claims about (a) the timing of the Ghost Feast; (b) whether the feast meal must be preceded by a sweat lodge ceremony; and (c) whether plaintiff should be permitted to wear his headband in the corridors while traveling from his cell to religious ceremonies. Plaintiff had files no response to this motion.

Defendant's motion will be granted in part and denied in part. As the court explained in its summary judgment decision and in previous orders, the only *claims* remaining in this case are plaintiff's claims for injunctive relief for: (1) venison during the Ghost Feast; and (2) a multicolored headband to wear in his cell and during religious ceremonies. These are the only claims that were exhausted before plaintiff filed suit, pled in his complaint, granted leave to proceed, and remanded by the Seventh Circuit for further consideration. (Dkt. #169 at 15, n.4). In particular, plaintiff's newly ripening disputes over the timing and activities of the feast or restrictions on wearing his headband outside of his cell and religious ceremonies are

not part of this lawsuit.  Accordingly, the court will grant defendant's motion to preclude plaintiff from arguing at trial for injunctive relief for any other religious accommodation outside his claim for venison and for a multicolored headband to wear inside his cell and at religious gatherings.

That being said, neither party is precluded from discussing at trial DOC policies and practices relating to the Ghost Feast and to religious headgear, to the extent those policies provide context for the claims at issue or may bear on the sincerity of plaintiff's religious beliefs.  For example, plaintiff is free to discuss the significance of the timing of the Ghost Feast, for him, in explaining why he chose not to attend the 2015 Ghost Feast, just as defendant may argue that this dispute in more about plaintiff's contentiousness than his sincere religious beliefs.  If either party believes that specific testimony or evidence is irrelevant at trial, they may, of course, make an objection at the appropriate time.

### III. DEFENDANT'S MOTION TO COMPEL AND TO HAVE ADMISSIONS DEEMED ADMITTED (Dkt. #158)

On November 17, 2015, defendant served on plaintiff requests for interrogatories, the production of documents and admissions.  Responses were due December 17, 2015, but plaintiff never responded.  Defendant contacted plaintiff twice to ask about his responses, but plaintiff never wrote back.  Defendant now moves to compel plaintiff to respond to the outstanding discovery requests and to deem defendant's requests for admissions to be admitted.  *See* Fed. R. Civ. P. 36(a)(3) (request for admission is deemed admitted if not responded to within 30 days of service).

Defendant's discovery requests are not onerous. A review of the requests shows that defendant asked plaintiff to respond to 14 interrogatories, 7 document requests, and 6 requests for admissions. The discovery requests seek basic information defendant reasonably needs to respond to plaintiff's claims, such as: (1) "identify all the components of a headband that are necessary to meet your religious needs," and (2) "specifically identify what action(s) you are requesting the defendant to take to accommodate your request for an Indian Taco for the Native American Ghost Feast." (Dkt. #159-1 at ¶4, ¶ 10). Plaintiff has provided no justification for failing to respond to these basic discovery requests. Indeed, plaintiff has not even responded to defendant's motion to compel, despite filing numerous other motions and documents with the court around the time his response was due.

Although he is proceeding *pro se*, plaintiff has a duty to comply with discovery rules. *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) ("[I]t is also well established that pro se litigants are not excused from compliance with procedural rules."). Accordingly, defendant's motion to compel is granted. Plaintiff must provide responses to defendant's discovery requests by March 11. At this time, the court will not, however, order that defendant's requests for admissions be deemed admitted. Although the court would be within its authority to do so under Fed. R. Civ. P. 36(a)(3), plaintiff's *pro se* status make this a particularly harsh sanction, especially since his submissions at summary judgment (when he was represented) put defendant on notice that he disputes at least some of the requests for admissions. Accordingly, plaintiff must provide responses to the requests for admissions with his other discovery responses by March 11. **Plaintiff's failure to provide a good faith response to this discovery by that date may well result in proportionate sanctions.** In

addition, the parties may have until March 15 to file pretrial materials so that defendant may incorporate plaintiff's responses.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion to amend his complaint (dkt. #170) is GRANTED IN PART and DENIED IN PART. Plaintiff's request that Jon E. Litscher, in his official capacity, replace Edward Wall as defendant is GRANTED. Plaintiff's request to add claims against Litscher in his individual capacity is DENIED.

2. Defendant's motion in limine (dkt. #152) is GRANTED IN PART and DENIED IN PART, as set forth above.

3. Defendant's motion to compel and to have admissions deemed admitted (dkt. #158) is GRANTED IN PART and DENIED IN PART, as set forth above. Plaintiff must provide discovery responses to defendant by March 11, 2016.

4. The parties may have until March 15, 2016 to file pretrial materials.

Entered this 2nd day of March, 2016.

BY THE COURT:

/s/

_____
William M. Conley
District Judge