IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

DAVID SCHLEMM,

    Plaintiff,                                       ORDER

    v.                                                11-cv-272-wmc

JOHN LITSCHER,

    Defendant.
_____

This case is set for trial commencing on Monday, March 21, 2016. The court held a final pretrial conference on March 16, 2016, at which the court made several rulings, which this order now formalizes. In addition, plaintiff hand-delivered to the court during that conference additional materials that he presented had also been mailed and that were marked as "Exhibit A" (dkt. #198), including a document labeled "Motion Based on State's Misconduct" and four draft subpoenas, which were filed the following day upon receipt by mail in the clerk's office (dkts. ##195, 191, 196, 197, 198, respectively). The following order memorializes the court's ruling with respect to these submissions as well.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion to reconsider appointment of counsel (dkt. #175) is DENIED. During the conference, plaintiff also chose to forgo the assistance of advisory counsel from the Perkins Coie law firm.

2. Plaintiff's motion to compel discovery (dkt. #178) is GRANTED IN PART and

1

      DENIED IN PART as follows. Plaintiff's request to take several depositions is denied for the reasons stated on the record and his request for discovery contained on a disc is denied as moot, as defendant provided the discovery to plaintiff at the conclusion of the hearing. (Plaintiff's former counsel also subsequently confirmed having mailed a hard copy to plaintiff at the time it was granted leave to withdraw as counsel.) With respect to plaintiff's request for responses to his second set of discovery, that motion is also denied as moot to the extent plaintiff has already received defendant's responses, but defendant shall take reasonable steps to ensure that plaintiff has access to those responsive documents held by the institution complaint examiner at the Green Bay Correctional Institution immediately upon his return to the prison.

3. Defendant's motion in limine regarding expert testimony (dkt. #179) is GRANTED. Plaintiff may not elicit expert testimony from Randy Cornelius, Bryan Krist or Roy Red Hail, but may elicit relevant fact testimony from these witnesses.

4. Plaintiff's motion for finding of state's misconduct (dkt. #195) is DENIED as moot. As explained during the final pretrial conference, while the Wisconsin Department of Corrections may be faulted for its delays in accommodating plaintiff's mailings, those delays were of a few days only and do not excuse plaintiff's own delays in responding to and seeking discovery, as well as delays in submitting motions, proposed findings, requests for subpoenas and other pretrial filings leading up to trial, all of which would have been untimely even without delays in mailing. Nevertheless, as indicated at the conference, the court has made efforts to ensure the appearance of plaintiff's designated witnesses at trial and will consider holding the trial record open for good cause shown, should those efforts prove inadequate.

5. Having just received the proposed subpoenas a few days before trial (dkts. ##191, 196, 197 & 198), the issuance of those subpoenas is DENIED, although accommodations will be made to arrange for testimony as set forth above.

Entered this 18th day of March, 2016.

BY THE COURT:

/s/

William M. Conley
District Judge