IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DAVID A. SCHLEMM,

                Plaintiff,                         ORDER

     v.                                       11-cv-272-wmc
                                                     Appeal no. 17-3110

JON E. LITSCHER, et al.,

                Defendants,

On September January 30, 2018, the court denied plaintiff David A. Schlemm's second motion to alter or amend judgment. (Dkt. # 280). Schlemm has now filed a notice of appeal as well as a motion for leave to proceed *in forma pauperis* (dkt. #285) and a motion for transcripts (dkt. #283). For reasons set forth briefly below, the court will grant both motions.

As an initial matter, the federal *in forma pauperis* statutes require a district court to certify whether an appeal is "not taken in good faith" or that the party is "not otherwise entitled to proceed" as an indigent litigant. Fed. R. App. P. 24(a)(3). The court has carefully reviewed all pertinent matters in this civil action. Based on this review and the court's clear recollection of the relevant proceedings, the court certifies that Schlemm has not filed his appeal in bad faith for purposes of Federal Rule of Appellate Procedure 24(a)(3).

Because Schlemm is incarcerated, his eligibility for leave to proceed *in forma pauperis* is governed by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), which

bars an inmate from proceeding without prepayment of the filing fee if he has, on three or more prior occasions, while incarcerated or detained brought an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or failure to state a claim upon which relief may be granted unless the prisoner is under imminent danger of serious physical injury. Schlemm has no "strikes" or sanctions against him for engaging in frivolous litigation while in prison and there does not appear to be any other impediment to indigent status. Therefore, after considering Schlemm's motion and supporting documentation, which includes a certified copy of his inmate trust fund account statement, the court concludes that Schlemm is eligible to proceed as an indigent litigant.

Although Schlemm has been found eligible to proceed *in forma pauperis*, the PLRA requires indigent inmates to pay the full amount of the docketing fee for his notice of appeal ($505) in increments, starting with an initial partial payment, pursuant to the formula found in 28 U.S.C. § 1915(b)(1)-(2). Based on Schlemm's inmate trust fund account statement, the court determined that Schlemm is able to make an initial partial filing fee payment of $28.66, which will be due no later March 1, 2018. Thereafter, Schlemm shall pay the remainder of the $505 appellate docketing fee in monthly installments according to 28 U.S.C. § 1915(b)(2).

Schlemm has also filed a motion for transcripts, which the court is construing as a request for preparation of transcripts at the government's request. (Dkt. #283.) Under 28 U.S.C. § 753(f), a party proceeding *in forma pauperis* is entitled to a free transcript only after the party files an appeal and the court determines that the appeal "is not frivolous (but presents a substantial question)." A "substantial question" within the meaning of 28

U.S.C. § 753(f) is one that is "reasonably debatable."  In granting Schlemm leave to proceed *in forma pauperis* on his appeal, the court has already concluded that the appeal is not frivolous. Accordingly the court will grant Schlemm's motion for transcripts as well.


ORDER

IT IS ORDERED that:

1. Plaintiff David A. Schlemm's notice of appeal is not taken in bad faith for purposes of Federal Rule of Appellate Procedure 24(a)(3).

2. Schlemm's motion for leave to proceed *in forma pauperis* (dkt. # 285) is GRANTED.

3. No later than March 1, 2018, Schlemm shall submit a check or money order made payable to the Clerk of Court in the amount of $28.66 as an initial partial payment of the docketing fee for his appeal.  Thereafter, Schlemm shall pay the remainder of the $505 appellate docketing fee in monthly installments according to 28 U.S.C. § 1915(b)(2).

4. If the balance in Schlemm's regular account is not sufficient to make the initial partial appeal payment, arrangements will have to be made by Schlemm with prison authorities to pay some or all of the fee from Schlemm's release account.  The only amount Schlemm must pay at this time is the $28.66 initial partial appeal payment.  Before prison authorities take any portion from Schlemm's release account, they may first take from Schlemm's regular account whatever amount up to the full amount, is owed.

5. If Schlemm fails to make his initial partial fee payment as directed by March 1, 2018, the clerk's office will notify the court of appeals so that it may take whatever action it deems appropriate with respect to this appeal.

6. Schlemm's motion for transcripts (dkt. # 283) is GRANTED. The court reporter is directed to prepare a transcript of the March 16, 2016, final pretrial conference, as well as the March 21, 2016, and March 22, 2016, trial and furnish copies to Schlemm and to the government, with the fees to be paid by the United States, pursuant to 28 U.S.C. § 753(f).


Entered this 15th day of February, 2018.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge