IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

DAVID SCHLEMM,

       Plaintiff,                                    OPINION AND ORDER

       v.                                              11-cv-272-wmc

JON E. LITSCHER,

       Defendant.
_____

Plaintiff David Schlemm has three motions currently pending before the court: two motions for contempt (dkt. ##293, 311) and a motion for transcripts (dkt. #310). For the reasons that follow, the court will deny Schlemm's motions for contempt, but grant in part his request for transcripts.

I. **Motions for contempt (dkt. ##293, 311)**

Schlemm's motions relate to the following portions of the final injunction:

(b)    Defendant shall allow an approved Native American spiritual advisor or other approved volunteer to bring traditional foods for the annual Native American Ghost Feast at Green Bay Correctional Institution in sufficient quantity such that plaintiff and every other attending inmate is able to partake of a meaningful amount of traditional foods. The specific amount shall be left up to the discretion of the spiritual advisor or volunteer. The traditional foods should include the spiritual foods identified on the current Religious Property Chart, as well as fried bread, if available, which need not be shelf-stable.

(c)    If there is no spiritual advisor or volunteer available who can provide the traditional foods for the annual Ghost Feast in sufficient quantity, plaintiff and other interested inmates may order their own meal consistent with the new Religious Diets Program.

(Am. Judg. (dkt. #212).)

Schlemm filed his first motion for contempt on March 5, 2018, complaining about how defendant handled the November 24, 2017, Ghost Feast. Schlemm claims that defendant violated the terms of the court's injunction, in refusing to contact *specific* spiritual volunteers (Gene Red Hail, Roy Red Hail and Randy Cornelius) and by failing to serve venison. (Dkt. ##293, 294.) Defendant responds by representing that the Ghost Feast was conducted by a newly approved Native American spiritual volunteer, Shaw Paske, who brought in 50 pieces of fry bread and spiritual foods that included packages of buffalo kidney, dried cornmeal and dried fruit. (Dkt. #302.) Defendant further responds that each participant in the Ghost Feast also received a pre-selected institution lunch meal consisting of cajun sausage, rice, beans, greens and corn bread. Finally, the defendant represents that: Schlemm received additional portions of the fry bread and institution-provided meal; and Schlemm had not submitted a request to purchase and consume a ceremonial food item.

Since these basic representations are not disputed, the court will deny Schlemm's motion. For one, the injunction does *not* require defendant to use a Native American volunteer of Schlemm's (or any other inmate's) choosing, and while Schlemm takes issue with Paske's lack of experience, he provides no evidence suggesting that Paske had not been approved as a Native American spiritual leader. Schlemm's complaint about the food is equally unavailing: the injunction specifies only that the foods be "traditional" and does not require venison.

In his second motion for contempt, Schlemm makes similar arguments about the November 15, 2018, Ghost Feast. Specifically, he claims that: (1) staff at Columbia Correctional Institution did not order foods for the ceremony from two caterers ("Four Eagles Café" and "Door Dar's Cooking and Catering"); and (2) Paske, the spiritual leader for that Ghost Feast, did not bring in the required food components (game meat, fry bread, corn or berries) for the Ghost Feast,.

In responding to this motion, defendant acknowledges that Paske was unable to bring fry bread or the other items to the Ghost Feast because of recent flooding in his home. However, Columbia's chaplain, Justin O'Boyle, explains that when Paske informed them that he would not be able to bring in the food, staff was able to gather other spirit foods for the feast: dried cranberries, beef jerky and black walnuts. Also, Columbia's kitchen provided tacos as the institution meal to be served at the feast, since that was the meal requested by the members of the Native American religious umbrella group. The taco meal consisted of taco filling, shredded lettuce, shredded cheese, refried beans, rice, flour tortilla, salsa and fresh fruit.

Chaplain O'Boyle further explains that Schlemm attended the Ghost Feast and had not requested an individual accommodation to purchase and consume other ceremonial food beforehand. Instead, Schlemm requested (as he has done previously) that the feast be catered by the two outside restaurants. However, defendant explains that his request was denied because the catered food did not meet the requirements for an individual accommodation under DAI Policy 309.61.03.

On this record, the food provided at the November 15, 2018, Ghost Feast did not violate the terms of the injunction. To start, the injunction does not require fry bread at the Ghost Feast; the only reference in the injunction is that it should be provided "if available." (Am. Judgment (dkt. #212).) As such, it was up to Paske to determine whether to bring in fry bread, and in the instance of the November 15, 2018, Ghost Feast, he was apparently unable to bring it in due to unforeseen circumstances beyond his and, more importantly, the Institution's control. As to the other items Paske did not bring, certainly game meat, corn and berries would have been preferable to dried cranberries, beef jerky and black walnuts, but their last-minute absence due to unforeseen events does not amount to contempt.

The court's contempt inquiry focuses on *defendant's* effort to comply with the injunction. On this record, the Columbia staff made efforts to fill in last-minute gaps, providing the spirit foods of cranberries, beef jerky and black walnuts on short notice, in addition to the taco meal. Schlemm does not contend that he was not provided those foods for the feast, nor does he suggest that the amount of food provided was inadequate for him to meaningfully partake in the ceremony. As such, Schlemm has not provided any evidence suggesting that the Department of Corrections failed to take steps to comply with the injunction in coordinating the 2018 Ghost Feast. Having said that, the Institution should make a good faith effort to ensure that some form of game meat will be part of the Ghost Feast going forward. *See* Order (dkt. #211) at 4 ("The court has no trouble concluding that plaintiff's request for venison or other game meat at the annual Ghost Feast is motivated

by a sincerely held religious belief.").

Schlemm's real complaint continues to be that defendant will not allow him to bring in fresh game meat from the caterer of his choosing for the Ghost Feast, but the court's injunction does not require defendant to provide either, and for good reason. After a thorough evidentiary hearing and findings of fact, the court concluded that Schlemm's sincerely held beliefs did not actually require consumption of fresh meat at the Ghost Feast *and* that the Department of Corrections' ability to obtain fresh meat for the feast, while still complying with its safety standards warranted the exclusion of *fresh* meat from the list of required foods. Moreover, Schlemm appealed this portion of the injunction (among other things) to the Court of Appeals for the Seventh Circuit, and that court agreed, finding that the court's injunction exclusion of fresh meat from the requirements at the Ghost Fest "conforms to RLUIPA's demanding standard." *Schlemm v. Carr*, No. 17-3110, 2019 WL 518479, at *4 (7th Cir. Feb. 11, 2019). Accordingly, Schlemm's request for a finding of contempt will be denied as well.

II.  **Motion for transcript (dkt. #310)**

Schlemm has also filed a motion for transcripts in preparation for use in any appeal, requesting specific pages from the trial transcript and the transcript of the court's August 7, 2015, *ex parte* hearing related to Schlemm's attorneys' motion to withdraw. (Dkt. #310.) That motion is GRANTED in part and DENIED in part.

Under 28 U.S.C. § 753(f), a party proceeding *in forma pauperis* is entitled to a free transcript only after the party files an appeal and the court determines that the appeal is

not frivolous. The Seventh Circuit had already resolved Schlemm's appeal related to the trial and the issues discussed during the August 7, 2015, hearing. *See Schlemm,* 2019 WL 518479, at *5. Since there is no other appeal pending, the court will deny his motion for the transcript of the August 7, 2015, hearing. However, the court will grant his request for certain pages from the trial transcript, since that transcript has already been prepared and is publicly available. Therefore, as a courtesy to Schlemm, the court will direct the clerk of court to forward copies of pages 1-A-116, 1-A-117, 1-A120, 1-A-121, 1-A-122 of the trial transcript (*see* dkt. #297) to him.

ORDER

IT IS ORDERED that:

1. Plaintiff David Schlemm's motions for contempt (dkt. ##293, 311) are DENIED.

2. Plaintiff's motion for transcripts (dkt. 310) is GRANTED in part and DENIED in part, as provided above.

3. The clerk of court is directed to send plaintiff copies of pages 1-A-116, 1-A-117, 1-A120, 1-A-121, 1-A-122 of the trial transcript (*see* dkt. #297), along with this order.

Entered this 20th day of March, 2019.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge