IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

DAVID SCHLEMM,

       Plaintiff,                                         OPINION AND ORDER

       v.                                                  11-cv-272-wmc

JON E. LITSCHER,

       Defendant.
_____

       Plaintiff David Schlemm has filed a motion for an "independent action in equity," and for relief from judgment pursuant to Federal Rules of Civil Procedure 60(d)(1),(3), and 60(b)(6) (dkt. #321), which the court is denying for the reasons that briefly follow.

       Under Rule 60(b), a court may relieve a party from a final judgment and re-open the case for any of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. However, relief from a final judgment under any subsection of Rule 60(b) "is an extraordinary remedy and is granted only in exceptional circumstances." *Bakery Mach. & Fabrication, Inc. v. Trad. Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009). Rule 60(d) provides that Rule 60 does not limit the court's power to "entertain an independent

1

action to relieve a party from a judgment," Fed. R. Civ. P. 60(d)(1), or to "set aside a judgment for fraud on the court," Fed. R. Civ. P. 60(d)(3). There is a high bar for what constitutes fraud on the court under Rule 60(d)(3): "the alleged fraud must go beyond mere discrepancies in the record evidence available at the time judgment was entered . . . [it] must have been the kind of fraud that could not be discovered, despite diligent inquiry, within one year or even many years." *Kennedy v. Schneider Elec.*, 893 F.3d 414, 420 (7th Cir. 2018) (citing *In re Golf 255, Inc.* 652 F.3d 806, 809 (7th Cir. 2011)).

Schlemm asks the court to set aside its judgments related to whether the Wisconsin Department of Corrections ("DOC") had to provide him with fresh wild game meat as a part of the annual Ghost Feast ceremony. Schlemm claims defendant committed fraud at summary judgment and throughout trial in representing that a 2011 manual related to religious accommodations did not exist. Specifically, Schlemm points out that in response to his 2015 interrogatories and document requests, defendant identified the policies related to celebratory meals and special food provisions to be DAI Policy No. 309.61.01, 309.61.02, and defendant did not mention a 2011 manual. However, Schlemm claims that in 2018, he learned that, as of April of 2011, the DOC had a manual -- entitled the "April 2011 DOC Umbrella Religion Groups Overview Manual" -- in effect that defendant should have produced but did not. Schlemm submitted a copy of that manual with his motion. (Schlemm Decl. Ex. 1 (dkt. #323-1) 15.)

To show that defendant committed a fraud, Schlemm points out that the Native American section of that manual provided the following recommendation with respect to religious diet and meals: "Although there are regional variances, the following foods are

2

recommended for feasts. Venison, sturgeon and other fish, and buffalo meat are common, as is frybread or bannock." (*Id.* at 55) According to Schlemm, this manual is evidence that the DOC was well-aware of the necessity of "wild game meat," for the Native American diet, thus establishing that defendant committed a fraud on the court in arguing otherwise.

Schlemm, however, both misstates defendant's response to his discovery requests and the import of that 2011 manual. To start, Schlemm's assertion that defendant "argued throughout summary judgment and the trial proceedings" that the 2011 manual did not exist is simply not supported by any materials he cites in his briefing or the record of these proceeding. For example, Schlemm has not cited to any discovery request in which he asked for any and all manuals related to religious group practices and defendant failed to produce such manual or affirmatively responded that the 2011 manual did not exist. Likewise, Schlemm he has not cited to *any* point in the record of these proceedings at which defendant actually *denied* the existence of such policy. As such, there is no basis to conclude that defendant committed fraud in failing to produce the 2011 manual or disclose its existence to the court.

In any event, the 2011 manual would not have impacted his claim related to fresh meat. The language Schlemm cites from the manual does not speak to whether *fresh* game meat is a necessity for the Ghost Feast; it makes no mention of fresh game meat at all. At minimum, Schlemm makes no effort to explain how defendant's disclosure of this 2011 manual could have changed the court's findings at trial that Schlemm had not demonstrated that *he* needed to consume fresh game meat as a part of the Ghost Feast to practice his sincerely held religious beliefs. *See Schlemm v. Carr*, 760 F. App'x 431, 436-37

3

(7th Cir. Feb. 11, 2019) ("The district court did not clearly err when it found that Schlemm's own testimony on the need for fresh meat was vague, unpersuasive, and contradicted at times by Schlemm's other evidence."). Other than pointing to defendant's alleged failure to produce the 2011 manual, Schlemm's remaining arguments simply rehash of his desire for fresh game meat for the Ghost Feast, which is not a proper basis for relief under any Rule 60 provision. Accordingly, the motion is denied.

## ORDER

IT IS ORDERED that plaintiff David Schlemm's motion for independent action in equity for relief from judgment (dkt. #321) is DENIED.

Entered this 26th day of February, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge