IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

DAVID SCHLEMM,

    Plaintiff,                                  OPINION AND ORDER

    v.                                                 11-cv-272-wmc

KEVIN A. CARR,[1]

    Defendant.
_____

Last year, plaintiff David Schlemm filed a motion for contempt (dkt. #325), claiming that the Wisconsin Department of Corrections' ("DOC") conduct of the January 30, 2020, Native American Ghost Feast at Columbia Correctional Institution ("Columbia") violated this court's injunction entered in this case on November 9, 2016 (the "Injunction") (dkt. #212). The court will deny his motion for the reasons that follow.

OPINION

For the court to grant the relief Schlemm seeks, he must prove by clear and convincing evidence that: (1) the Injunction set forth an unambiguous command; (2) that command was violated; (3) the violation was significant; and (4) the party did not take steps reasonably and diligently to comply with the Injunction. *Lightspeed v. Media Corp. v. Smith*, 761 F.3d 699, 711 (7th Cir. 2014). The Injunction provides in relevant part:

    (b)     Defendant shall allow an approved Native American spiritual advisor or other approved volunteer to bring traditional foods for the annual Native

---

[1] The court has substituted the current Wisconsin Department of Corrections Secretary as defendant, *see* Fed. R. Civ. P. 25(d).

1

>American Ghost Feast at Green Bay Correctional Institution in sufficient quantity such that plaintiff and every other attending inmate is able to partake of a meaningful amount of traditional foods. The specific amount shall be left up to the discretion of the spiritual advisor or volunteer. The traditional foods should include the spiritual foods identified on the current Religious Property Chart, as well as fried bread, if available, which need not be shelf-stable.
>
>(c) If there is no spiritual advisor or volunteer available who can provide the traditional foods for the annual Ghost Feast in sufficient quantity, plaintiff and other interested inmates may order their own meal consistent with the new Religious Diets Program.

(Am. Judg. (dkt. #212).)

Although Schlemm is now incarcerated at Columbia, the DOC has agreed in the past to comply with the terms of the Injunction at that institution as well. Accordingly, he seeks a finding of contempt with respect to the January 30, 2020, Ghost Feast held at Columbia because he did not have sufficient funds to pay the approximately $20 necessary for him to purchase his own for venison summer sausage, which he argues amounted to a denial of game meat as required by the Injunction. Although Schlemm has shown that he could not make such a payment at that time, his lack of funds does not support a finding of contempt.

Before the January 2020 Ghost Feast, Schlemm submitted the proper form requesting to purchase a ceremonial food item, indicating his desire to purchase venison summer sausage from an outside vendor, which would cost $15.99, plus $4.95 shipping. While Columbia's Chaplain Justin O'Boyle initially approved that request, Schlemm's disbursement request was denied because he lacked sufficient funds in his inmate account to purchase the sausage, and he was not allowed to access his inmate release account for

that purchase. (Dkt. #326-5.)

Inmate release accounts are established for inmates to access upon release to assist with necessary purchases at that time, such as clothing, transportation and other similar items. Wis. Admin. Code DOC § 309.02(18). Under Wis. Admin. Code DOC § 309.466(2), with a few exceptions that do not include religious meals, release accounts are not to be used before an inmate's release from custody.

Nevertheless, Schlemm argues he only lacked the funds to purchase his own Ghost Feast meal because DOC officials have been confiscating money from his inmate trust account to pay his court-ordered financial obligations.[2] However, Schlemm does not suggest those confiscations are not consistent with DOC policy; rather, he seems to be suggesting that his right to purchase special game meat for the Ghost Feast should have trumped the DOC's normal operations. Regardless, the court's Injunction under which Schlemm purports to be proceeding made *no* mention of a requirement that he be allowed to access funds from his inmate release account to purchase his own meal, much less that the DOC must subsidize the cost of a requested ceremonial food item if he lacks his own funds to do so.

More importantly, Schlemm has not shown that the defendant failed to satisfy, or make reasonable efforts to satisfy, an unambiguously command in the Injunction itself. To

---

[2] Schlemm also blames his lack of funds on the DOC's 2016 decision to increase the amount it deducts from prisoner accounts from 25% to 50%, but any challenge to that change belongs in state court. *See Olson v. Schwochert*, 783 F. App'x 614, 617-18 (7th Cir. 2019) (affirming dismissal of constitutional challenges to the DOC's decision to increase the percentage of deductions from 25% to 50%).

3

the contrary, Schlemm acknowledges that the feast was led by Columbia's Native American spiritual volunteer, Shaw Paske, who brought in fry bread and the spirit foods dried cherries, buffalo jerky and ground corn. (O'Boyle Decl. (dkt. #332) ¶ 6.) Columbia's Chaplain Justin O'Boyle further attests that there was enough spirit foods for all participating inmates to partake, and in fact, many inmates had more than one piece of fry bread, since Paske had brought enough for 50 inmates and only 28 inmates attended the Ghost Feast activities at Columbia. (*Id.*) In fairness, Schlemm disputes this last part, attesting that: (1) Chaplain O'Boyle was *not* present for the meal; and (2) during the meal, Volunteer Paske actually apologized for not providing raw buffalo kidney but instead bringing beef summer sausage, dried cherries and ground corn. (*See* dkt. #346.)

Even accepting Schlemm's version of the food provided at the meal as true, however, he has not established that defendant Carr failed to meet the requirements of the Injunction. Indeed, although Schlemm asserts that he did not receive game meat, he also admits that Spiritual Volunteer Paske had attempted to provide raw buffalo meet, but was unable to obtain that food item. Thus, even accepting Schlemm's assertion that he received beef sausage rather than buffalo jerky as Chaplain O'Boyle attests, Schlemm has not shown that this offering did not constitute a "reasonable attempt" by defendant to provide the meats traditionally served at a Ghost Feast. (*See* dkt. #273-1, at 11.)

Since Schlemm has not submitted evidence that any Columbia officials were even aware that Paske was unable to obtain game meat for the meal before January 30, the day of the event, it would be unreasonable to find that defendant had violated the terms of the injunction. As such, Schlemm has fallen far short of the showing necessary for a finding

of contempt, and this motion will be denied.

ORDER

IT IS ORDERED that plaintiff David Schlemm's motion for finding of contempt (dkt. #325) is DENIED.

Entered this 4th day of November, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge