IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

DAVID SCHLEMM,

    Plaintiff,                               OPINION AND ORDER

v.                                           11-cv-272-wmc

JARED HOY,[1]

    Defendant.
_____

On November 9, 2016, the court entered a permanent injunction against the Wisconsin Department of Corrections, authorizing plaintiff David Schlemm to possess a "Four Directions" headband in the colors of red, yellow, black, and white for use in his prison cell and at congregate Native American religious services and study groups. (Dkt. #212, at 1.) Plaintiff has filed a motion for contempt, stating that prison officials seized his headband on January 4, 2024, in violation of the court's injunction. (Dkt. #357.) The motion will be denied for reasons that follow.

OPINION

To prevail on a motion for contempt, plaintiff must prove by clear and convincing evidence that: (1) the injunction set forth an unambiguous command; (2) the command was violated; (3) the violation was significant; and (4) the violating party did not take steps reasonably and diligently to comply with the injunction. *Lightspeed v. Media Corp. v. Smith*, 761 F.3d 699, 711 (7th Cir. 2014). Defendant Jared Hoy has filed a response to plaintiff's

---

[1] The court has substituted the current Wisconsin Department of Corrections Secretary as defendant, *see* Fed. R. Civ. P. 25(d).

1

contempt motion and provides a declaration from Chaplain Myron L. Olson. (Dkt. ##359-360.) Chaplain Olson explains that plaintiff was transferred to Jackson Correctional Institution from the Wisconsin Secure Program Facility on January 3, 2024. (Olson Decl. (dkt. #360) at ¶ 4.) Olson acknowledges that plaintiff's headband was seized upon his arrival because it is not normally an allowed item. (*Id*. at ¶ 5.) As soon as staff verified that the item was allowed by a court order, the headband was returned to plaintiff by personnel in the property department on January 8, 2024. (*Id*. at ¶¶ 5-6.) Since that time, plaintiff has worn his headband regularly during the weekly pipe and drum services at the unit. (*Id*. at 8.)

The undisputed record shows that plaintiff was deprived of his headband for no more than five days following his transfer to a different prison facility and that the headband was promptly returned once staff verified that he was allowed to have the item. Plaintiff has not shown that there was a significant violation of the court's injunction or that the defendant failed to satisfy, or make reasonable efforts to satisfy, an unambiguous command. Because plaintiff has fallen far short of the showing necessary for a finding of contempt, his motion will be denied.

## ORDER

IT IS ORDERED that plaintiff David Schlemm's motion for finding of contempt (dkt. #357) is DENIED.

Entered this 31st day of October, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge